IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| ELLA PITTS, Special Administratrix of the Estate of Herman Sam Pitts, Deceased, | * * * | |
| Plaintiff, | * * | |
| vs. | * * | No.5:05V00234 SWW |
| DAVIS NURSING ASSOCIATION d/b/a DAVIS LIFE CARE CENTER, | * * * | |
| Defendant. | * | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is plaintiff's motion to remand this case to state court. Defendant responded to the motion and plaintiff filed a reply. For the reasons stated below, the Court finds the motion should be granted.

I.

Mr. Herman Sam Pitts was a resident of Davis Life Care Center, which was owned and operated by defendant Davis Nursing Association. On October 4, 2003, at the age of sixty-three, he died. Ella Pitts, his surviving spouse, was appointed special administratrix of the estate of Herman Sam Pitts for the purpose of investigating a wrongful death action on behalf of the estate and its beneficiaries. On June 2, 2005, plaintiff filed a complaint in Jefferson County, Arkansas, Circuit Court, asserting claims of medical malpractice, negligence, breach of contract, violation of the Arkansas Long Term Care Residents' Rights Statute, and violation of the Arkansas Deceptive Trade Practices Act.

Defendant removed the action to federal court on August 15, 2005, on the basis of federal question jurisdiction. It argues that plaintiff's allegations include causes of action based on several federal regulations promulgated pursuant to authority granted by federal law and, therefore, there are federal questions at issue. Plaintiff asserts that the recitation of federal regulations as an element of a state cause of action does not create federal question jurisdiction.

II.

As the removing party, defendant carries the burden of establishing federal jurisdiction, and the Court must resolve all doubts in favor of a remand to state court. *In re Bus. Men's Assurance Co. of America.*, 992 F.2d 181, 183 (8th Cir. 1993). "In cases where state law creates the cause of action . . . a case may arise under federal law if the well-pleaded complaint demonstrates that the right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 483 U.S. 1, 28 (1983). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 813 (1986).

In Count II of the complaint, plaintiff alleges that defendant acted negligently in caring for Mr. Pitts. In paragraph 42, plaintiff states that defendant breached its duty of care by violating certain laws and regulations in force in the State of Arkansas at the time of the occurrence. Plaintiff alleges that violation of these regulations are evidence of defendant's negligence, and specifically mentions violations of 42 C.F.R. §§ 483.15(a), 483.20, 483.25 (h), 483.30, 483.40, and 483.75.[1]

---

[1] These regulations address the following issues: quality of life, resident assessment, quality of care, nursing services, physician services, and administration.

The regulations cited are contained in a section addressing requirements long care facilities must meet in order to qualify to participate in Medicare and Medicaid.

Plaintiff asserts no cause of action under these or any other federal standards or regulations. She does not depend on defendant's alleged violation of the cited regulations to prove her state law claim of negligence. Her allegation regarding defendant's failure to follow the regulations is one of several allegations contained in the complaint, designed to show that defendant breached a duty of care to provide Mr. Pitts proper care. Plaintiff's intent to use such alleged violations as evidence of negligence does not create federal subject matter jurisdiction.

IT IS THEREFORE ORDERED that plaintiff's motion to remand [docket entry 6] is granted. This cause of action is hereby remanded to the Circuit Court of Jefferson County, Arkansas.

DATED this 13th day of September 2005.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE